NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0444n.06

Case No. 14-3944

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Timothy Aaron Short, | ) | **FILED** |
| | ) | Jun 12, 2015 |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| Steven Mary; James Fife, | ) | OHIO |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| _____/ | ) | |

**Before: COLE, Chief Judge; MERRITT and BATCHELDER, Circuit Judges.**

**MERRITT, Circuit Judge.** Plaintiff Timothy Short, an employee of the Ohio Department of Transportation, filed an action in federal court against defendants Steven Mary and James Fife, the General Director and Personnel Director, respectively, of District 8 of the Ohio Department of Transportation. Plaintiff claims that defendants have deprived him of equal protection of the law by compensating him at a lower rate of pay than similarly situated employees in other districts within the Ohio Department of Transportation for identical work. Plaintiff is covered by a collective bargaining agreement and received an adverse decision arising from a grievance based on the same argument he has now converted into an equal protection claim.

Ohio Department of Transportation employees are assigned duties pursuant to a job classification system set up by the Department of Transportation. The classification system is comprised of different titled positions with numerical levels within each position corresponding to duties, experience and education. Plaintiff, a "Highway Technician 3," alleges that he was denied equal protection of the law when, based on an alleged unwritten "policy" put in place by defendants, he remained in a job classification with a lower pay grade when similarly-situated employees doing identical work in other districts within the Ohio Department of Transportation were classified in the "Highway Technician 4" group, which received a higher rate of pay. Plaintiff seeks monetary damages and injunctive relief. Plaintiff appeals from the dismissal of his complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we affirm the judgment of the district court.

## I.

Plaintiff has been employed as a Highway Technician for the Ohio Department of Transportation since January 2000. He has always worked in District 8, which is headquartered in Lebanon, Ohio. He is a member of the Ohio Civil Service Employees Association, AFSCME, Local 11, AFL-CIO. The union and the Department of Transportation entered into a collective bargaining agreement that became effective on March 1, 2012, covering the time period at issue herein. The collective bargaining agreement governs the resolution of disputes arising from challenges by employees to their job classification. The Department of Transportation divides the position of Highway Technician into five levels based upon the duties and responsibilities in the job descriptions used by the Department of Transportation.[1] Plaintiff is categorized as a

---

[1]We grant plaintiff's motion to take judicial notice of the job description issued by the Ohio Department of Transportation pertaining to the Highway Technician position. *See* ttp://das.ohio.gov/Divisions/HumanResources/OrganizationalDevelopment/ClassificationandCompensation/Cla

Highway Technician 3, which is primarily a maintenance position, with 85% of the duties involving routine highway and equipment maintenance and 15% involving oversight of construction contractors and handling paperwork. The pay range for a Highway 3 Technician during the relevant time period was between $16.09 and $19.88 per hour. A Highway Technician 4 is considered a construction position, with 100% of the duties involving oversight of construction contractors and inspection of construction work. The pay range for a Highway Technician 4 is between $17.72 and $21.77 per hour. Construction inspection duties mean that the technician inspects construction projects to ensure contractor compliance with state specifications, plans and proposals, and performs laboratory and field testing on materials to ensure quality control.

Plaintiff alleges that in October 2008 he applied for a posted Highway Technician 4 position in the Construction Department in District 8 and that he was awarded the position, but only as a "lateral transfer from the Maintenance Department to the Construction Department, retaining the job title 'Highway Technician 3.'" Complaint ¶ 11. Plaintiff alleges that at the same time, pursuant to a "policy" instituted by defendants, he was assigned "construction inspection and contractor oversight duties associated with a Highway Technician 4 position" without a corresponding raise in pay. *Id.* at ¶ 12.

The collective bargaining agreement states that an employee works outside his classification when a "substantial portion" of his duties fall within another classification. Collective Bargaining Agreement at ¶ 19.02. A "substantial portion" is defined as when more than 20% of the worker's time is spent on duties in another classification. *Id.* In July 2012, plaintiff filed a "Working-out-of-Class" grievance through the union, alleging that based on his

---

ssificationSpecifications/tabid/144/Default.aspx (PDF file). All five levels of the Highway Technician position are described therein.

duties, he was working outside his classification and he should be reclassified to a Highway Technician 4 and receive back pay.

As required under the collective bargaining agreement, the grievance was heard telephonically by Arbitrator Howard Silver on July 24, 2013. The arbitrator found that the job specifications for a Highway Technician 3 and a Highway Technician 4 were "fairly similar." Hr. Tr. at 10. The union representative present on behalf of plaintiff agreed that the job specifications were "very similar." *Id.* The union representative went on to explain that the difference between a Highway Technician 3 and 4 is the complexity of what is inspected, mentioning "inspecting complex bridges, bridge painting, [and] nuclear testing"[2] as "the three big separators between a three and a four." *Id.* at 10-11.

Brian Brown of the Ohio Department of Transportation explained during the hearing that the Department developed a list of items that can be inspected by a technician at each level of classification, although the list of items is not specifically set out in the job description. Brown explained that "as you move up the series [of five levels within the Highway Technician position], more complex kinds of projects do [sic] you inspect. So that's basically where the differentiation comes between the three and the fours in the department." *Id.* at 11. The arbitrator asked if plaintiff does any of those three duties, and the union representative and plaintiff answered yes, but the union representative then explained that District 8 does not have complex bridges, does not conduct nuclear gauge testing and contracts out all its bridge painting. The arbitrator asked Brian Brown of the Department, "So is it the position of [the Ohio

---

[2] Asphalt concrete mixes are composite materials consisting of aggregate, asphalt, air, and other components which collectively develop structural characteristics capable of supporting highway traffic. Many tests are used to evaluate the properties of mix designs to insure the quality of the mix design. Nuclear asphalt content gauge, or nuclear testing, is one of the major methods used to determine asphalt content. Materials Notebook, U.S. Department of Transportation, Federal Highway Administration (found at http://www.fhwa.dot.gov/pavement/materials/matnote46.cfm).

Department of Transportation] that [plaintiff] is not doing more complex structures or inspections, and that's why he's still a three rather than a four?" Brown answered "Correct." *Id.* at 13. Later in the hearing, the arbitrator noted that a level 4 Highway Technician performs "emergency response and cleanup and layout and placement [of maintenance-of-traffic devices]," which are also separate and distinct duties not found in the job description for a Highway Technician 3. *Id.* at 27.

The arbitrator concluded that the construction inspection duties in the job description for both level three and level four technicians, at least in District 8, are "almost identical" and that plaintiff is essentially performing the duties of a level four Highway Technician almost 90% of the time, but those duties fall within the portion of the job descriptions that overlaps both levels 3 and 4. *Id.* at 25-26. The arbitrator noted, "[T]he very duties that convince me that you're a four are also as a three." *Id.* at 27. As an arbitrator for a "Working-out-of-Class" grievance, the only remedy he can offer is to take duties away from the worker that are out of his class; he does not have the authority to reclassify plaintiff as a level 4 technician. *Id.* at 27-29. The arbitrator concluded by saying "I look at the duties of the four level. And if you were responsible for emergency responsive [sic] cleanup, that's exactly the kind of duty I would take from you. I can't take the inspection duties from you as much as I would like to because they are at the three level." *Id.* at 29.

**II.**

The Equal Protection Clause of the Fourteenth Amendment directs that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Supreme Court has stated that this language "embodies a general rule that States must treat like cases alike but may treat unlike cases accordingly." *Vacco v. Quill*, 521 U.S. 793,

799 (1997). The states cannot make distinctions that burden a fundamental right, target a suspect class, or intentionally treat one individual or class differently from others similarly situated without any rational basis for the difference. *Id.*; *accord Radvansky v. City of Olmsted Falls,* 395 F.3d 291, 312 (6th Cir. 2005). As plaintiff has not alleged that defendants' conduct burdens a fundamental right or that he is a member of a suspect class, we are left with a claim that defendants have treated plaintiff differently without any rational basis by not reclassifying him as a Highway Technician 4.

In typical equal protection claims, plaintiffs allege that they have been arbitrarily classified as members of an identifiable group. *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601 (2008). An identifiable group that has not been recognized as a suspect or quasi-suspect class receives rational-basis review. *Davis v. Prison Health Servs.*, 679 F.3d 433, 441 (6th Cir. 2012).[3] Here, plaintiff's complaint alleges that he was treated differently not due to any animosity directed at him, but because he was a Highway Technician 3 employee who transferred from a position in the maintenance department to one in the construction department and that move should have resulted in a raise and promotion to a Highway Technician 4 under the terms of the collective bargaining agreement but for defendants' arbitrary decision or "policy" to treat the move as a lateral move instead.

There are simply no facts presented that would support the finding of a constitutional violation here. Plaintiff has not even alleged any animus behind the implementation of the

---

[3] As the district court discussed in its opinion below, in some cases a plaintiff may allege a "class-of-one" claim. In "class-of-one" claims, "the plaintiff [does] not allege membership in a class or group" but rather simply "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "[T]he hallmark of [a 'class-of-one'] claim is not the allegation that one *individual* was singled out, but rather, the allegation of arbitrary or malicious treatment not based on membership in a disfavored class." *Aldridge v. City of Memphis*, 404 F. App'x 29, 42 (6th Cir. 2010) (emphasis in original). Plaintiff contends that the district court erroneously found his claim to be a "class-of-one" equal protection claim. Even if plaintiff's claim could be construed to be a "class-of-one" equal protection claim it would still fail because the Supreme Court explicitly held in *Engquist* that "the class-of-one theory of equal protection has no application in the public employment context." 553 U.S. at 607.

"policy" or decision not to reclassify him. To the extent that Highway Technician 3 employees in District 8 are in fact treated differently from similarly situated employees in other districts within the Department, any decision or "policy" by defendants is rationally based on the job descriptions for Department employees. A review of the hearing transcript demonstrates that there is enough overlap in the Highway Technician 3 and 4 job descriptions to conclude that defendants' decision to keep plaintiff as a Highway Technician 3 is "rational" and, in fact, permissible under the job descriptions. It appears from the record that although plaintiff does indeed spend much of his time inspecting construction work, much of that inspection work is of a less-complex nature than the norm for a Highway Technician 4 employee. *See* D. Ct. Op. at 11-12 ("[T]he Arbitrator considered that the inspection duties of [plaintiff] fell within the Highway Technician 3 position as well as the Highway Technician 4 position, and that the Highway Technician 4 may have had different levels of experience, skill, or value than the Highway Technician 3s.").

In addition, there are also a number of duties specific to the Highway Technician 4 job that plaintiff does not perform, such as emergency response and cleanup. Plaintiff also continues to perform "typical" Highway Technician 3 maintenance jobs such as snow and ice removal during the winter months. The fact that plaintiff may find it "unfair" that similarly situated employees in other districts receive a higher rate of pay for doing the same job does not render the conduct or policy by defendants overseeing District 8 unconstitutional. This is a matter better resolved between plaintiff's union and the Department in the collective bargaining process instead of in the federal courts.

Because we find no constitutional violation, we need not reach defendants' claim that they are entitled to qualified immunity.

Accordingly, the judgment of the district court is affirmed.